11-3002-cv
McClain v. Pfizer Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of December, two thousand twelve.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
               JOHN M. WALKER, JR.,
                              <u>Circuit Judge</u>,
               SANDRA DAY O'CONNOR,
                              <u>Associate Justice (retired)</u>.[*]

- - - - - - - - - - - - - - - - - - - -X
BECKY MCCLAIN,
          <u>Plaintiff-Appellee</u>,

          -v.-                                          11-3002-cv

PFIZER INC.,
          <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

---

[*]   The Honorable Sandra Day O'Connor, Associate Justice (retired), of the United States Supreme Court, sitting by designation.

FOR APPELLANT:        WILLIAM J. ANTHONY (Tanya A. Bovée, on the brief), Jackson Lewis LLP, Hartford, Connecticut.

FOR APPELLEE:        STEPHEN J. FITZGERALD (Bruce E. Newman, Brown Paindiris & Scott, LLP, Bristol, Connecticut, on the brief), Garrison, Levin-Epstein, Chimes, Richardson & Fitzgerald, P.C., New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Eginton, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Defendant-Appellant Pfizer Inc. ("Pfizer") appeals from a judgment, entered after a jury trial, in favor of Becky McClain ("McClain"), a scientist at Pfizer who sued under Connecticut law for retaliation against her speech regarding workplace safety. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Pfizer argues that it is entitled to judgment as a matter of law on its motion under Rule 50. We review de novo, applying the same standard as the district court. Millea v. Metro-N. R.R., 658 F.3d 154, 161 (2d Cir. 2011).

> Judgment as a matter of law is only granted when "(1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded persons could not arrive at a verdict against it."

Id. (quoting Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1154 (2d Cir. 1994)). In general, judgment as a matter of law "'should be granted cautiously and sparingly.'" Meloff v. N.Y. Life Ins. Co., 240 F.3d 138, 145 (2d Cir. 2001) (quoting 9A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2524, at 252 (1995)). In reviewing such a motion, this Court "must give deference to all credibility determinations and reasonable

2

inferences of the jury, and may not weigh the credibility of witnesses or otherwise consider the weight of the evidence." Brady v. Wal-Mart Stores, Inc., 531 F.3d 127, 133 (2d Cir. 2008) (internal quotation marks omitted).

**[1]** The jury reasonably concluded, based on the evidence presented at trial, that McClain had established a violation of Connecticut General Statute Section 31-51q, which provides (in relevant part):

> Any employer . . . who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution or section 3, 4 or 14 of article first of the Constitution of the state, provided such activity does not substantially or materially interfere with the employee's bona fide job performance or the working relationship between the employee and the employer, shall be liable to such employee for damages caused by such discipline or discharge . . . .

Conn. Gen. Stat. § 31-51q. To demonstrate a violation of Section 31-51q, a plaintiff must establish that:

> (1) she was exercising rights protected by the [F]irst [A]mendment to the United States Constitution (or an equivalent provision of the Connecticut Constitution); (2) she was fired [or disciplined] on account of her exercise of such rights; and (3) her exercise of her [free speech] rights did not substantially or materially interfere with her bona fide job performance or with her working relationship with her employer.

Barlow v. Connecticut, 319 F. Supp. 2d 250, 265-66 (D. Conn. 2004).

The Connecticut Supreme Court has explained that Section 31-51q "plainly was intended to protect the [F]irst [A]mendment and related state constitutional rights of working men and women." Cotto v. United Techs. Corp., 251 Conn. 1, 8 (1999). "As a remedial statute, [Section] 31-51q deserves a generous construction that implements its purpose at one of the important places, the private workplace, in which those rights may be impaired." Id. at 8-9. Indeed, "the legislative history of [Section] 31-51q supports a

3

literal reading of the statute that implements its remedial purpose."  Id. at 9.

McClain presented sufficient evidence at trial on each element of Section 31-51q.  Pfizer concedes in its briefing to this Court that McClain's speech regarding workplace safety was on a matter of public concern, and it neglected to advance any argument that her speech was made within the scope of her employment.  Although Pfizer suggests, by post-briefing letter, that Schumann v. Dianon Systems, 304 Conn. 585 (2012), requires us to hold that McClain was not speaking as a citizen on a matter of public concern, Pfizer has waived this argument by not raising it in its briefs before this Court.  See LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995); see also Fed. R. App. P. 28(a)(9) (requiring that appellant's brief include contentions and reasons).  Although we have prudential discretion to consider waived arguments, we decline to do so here.

As to the remaining elements, a reasonable jury could conclude that McClain was discharged or disciplined because of her protected speech, and that her speech did not substantially or materially interfere with her job performance or with her working relationships at Pfizer. Pfizer has not shown a "complete absence" of evidence such that the jury's verdict was the result of "sheer surmise and conjecture," nor has Pfizer shown that the evidence was so overwhelmingly in its favor such that no rational person could have ruled against Pfizer.

**[2]**  Pfizer also challenges the district court's denial of judgment as a matter of law as to the award of punitive damages in favor of McClain.  Section 31-51q explicitly authorizes punitive damages, and Connecticut courts apply the common law standard of punitive damages to determine when such damages are warranted.  See Arnone v. Town of Edenfield, 79 Conn. App. 501, 521 (2003).  Punitive damages are appropriate where the evidence "reveal[s] a reckless indifference to the rights of others or an intentional and wanton violation of those rights."  City of West Haven v. Hartford Ins. Co., 221 Conn. 149, 160 (1992).  Again, McClain presented sufficient evidence to support the jury's finding that Pfizer acted wilfully, maliciously, or with reckless indifference.  Pfizer presents no compelling reason why we should disturb the jury's verdict.

4

Finding no merit in Pfizer's remaining arguments, we hereby **AFFIRM** the judgment of the District Court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK